FILED

DEC 0 2 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| FEOKIST (FRANK) MARTUSHEV, ZAHARY MARTUSHEV, ALEX MARTUSHEV, and VAVARRA MARTUSHEV,<br><br>Plaintiffs,<br><br>vs.<br><br>TODD VAN LIERE, MARK MARETTE, and TODD MOUNTAIN, in their official and personal capacities,<br><br>Defendants. | A05-139 CV (JWS)<br><br>ORDER FROM CHAMBERS<br><br>[Re: Motions at Docket Numbers 11 and 12] |

### I. MOTION PRESENTED

At docket 11, defendants Todd Van Liere and Todd Mountain ("defendants") move for partial judgment on the pleadings dismissing counts III, IV, V, VII, and VIII of plaintiffs' first amended complaint[1] pursuant to Federal Rule of Civil Procedure 12(c). At docket 12, defendants move for partial judgment on the pleadings dismissing count VI of plaintiffs' complaint pursuant to Rule 12(c). Plaintiffs Feokist Martushev, Zahary Martushev, Alex Martushev, and Vavarra Martushev ("the Martushev plaintiffs") oppose

---

[1] Doc. 1, exh. B.

both motions. The motions are fully briefed. No party requested oral argument on either motion, and it would not assist the court.

## II. BACKGROUND

The following background summary is based on the allegations in plaintiffs' complaint. Plaintiffs Frank and Vavarra Martushev are the parents of plaintiffs Zahary and Alex Martushev. At all relevant times, the Martushev family resided near Homer, Alaska. Defendant Mark Marette also resides near Homer. Defendants Todd Van Liere and Todd Mountain are Alaska state troopers.

On October 6, 2001, Trooper Van Liere filed "a criminal complaint made by Defendant Marette," alleging that Frank Martushev knowingly possessed "a sub-legal bull moose" that was illegally taken by Zahary and Alex Martushev.[2] On November 6, 2001, Troopers Van Liere and Mountain "received a search warrant to search the premises of Frank and Vavarra Martushev and their two sons for evidence of any sub-legal bull moose."[3] The search warrant authorized defendants Van Liere and Mountain to search for evidence "of any illegally taken moose and all moose parts, including, but not limited to all salvageable meat, antlers, bones, fur, blood and/or miscellaneous parts, any tools or items used to field dress and/or transport the moose...[and] [a]ny clothing used during field dressing with bloodstains needed for lab comparison."[4]

Van Liere and Mountain subsequently conducted a search of the Martushev household. The receipt and inventory of property seized includes the following items:

> ...91 photographs, assorted hunting licenses and harvest tags, disposable cameras, general photo albums and hunting photos, a red photo album with hunting photos, assorted other photos of hunting in 8 x 10 format, a package of moose meat including 4 T-bone steaks, moose antlers with a cut skull plate at 46 inches, as well as white cotton gloves, moose antlers with a 38 inch skull, a

---

[2] First Amended Complaint at 3, exh. B, doc. 1.

[3] Id.

[4] Id.

piece of green line from a saddle, moose antlers that were 41 inches, and a Remington 7 mm rifle with Tasco scope.[5]

The criminal charges against the Martushevs resulted in a jury trial. Frank, Zahary, and Alex Martushev were found not guilty on all charges.

On May 19, 2005, the Martushev plaintiffs filed suit against defendants Marette, Van Lier, and Mountain in Superior Court for the State of Alaska, Third Judicial District at Anchorage.[6] Plaintiffs' complaint alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, as well as general violations of Alaska state law and the Alaska Constitution. Defendants timely removed the complaint to federal court. Six of the eight counts in plaintiffs' complaint name defendants Van Liere and Mountain. The court previously dismissed plaintiffs' claims against defendant Marette in counts I, II, V, and VI.[7]

Defendants Van Liere and Mountain now move the court for partial judgment on the pleadings dismissing counts III, IV, V, VII, and VIII on the grounds that they are barred by the applicable statute of limitations. Defendants also move to dismiss count VI on the basis that it fails to state a claim for relief.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In reviewing defendants' motions under Rule 12(c), the court views the facts presented in the pleadings in the light most favorable to the plaintiffs, accepting as true

---

[5]*Id.* at 3-4.

[6]Doc. 1, ex. A.

[7]Doc. 27.

all allegations in the complaint and treating as false those allegations in the answer that contradict plaintiffs' allegations.[8] "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."[9] "[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment."[10]

## IV. DISCUSSION

As a preliminary matter, the court notes that defendants have presented matters outside the pleadings in both of their Rule 12(c) motions for partial judgment on the pleadings. Plaintiffs have also presented matters outside the pleadings in their opposition briefs. The court declines to treat defendants' Rule 12(c) motions as motions for summary judgment pursuant to Rule 56, and has excluded the extraneous materials presented by the parties from the court's consideration of defendants' motions.

At docket 11, defendants Van Liere and Mountain move to dismiss counts III, IV, V, VII, and VIII of plaintiffs' complaint on the grounds that they are barred by the applicable statute of limitations. It is undisputed that the two-year statute of limitations set forth in AS 09.10.070 applies to all claims alleged in counts III, IV, V, VII, and VIII under 42 U.S.C. § 1983 and state tort law.[11] It is also undisputed that a claim under

---

[8] *Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1301 (9th Cir. 1992).

[9] *Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984)).

[10] *Id.*

[11] *Bauman v. Day*, 892 P.2d 817, 825 (Alaska 1995) (under Alaska law, tort claims are subject to the two-year statute of limitations in AS 09.10.070); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998) ("State law determines the statute of limitations for § 1983 suits.")

42 U.S.C. § 1983 "generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."[12]

Here, plaintiffs arguably knew or had reason to know of the injuries which are the basis of their action in November 2001 when the search and seizure at issue occurred. Because plaintiffs did not file the underlying complaint until May 2005, defendants argue that plaintiffs' claims in counts III, IV, V, VII, and VIII are barred by the two-year statute of limitations. Defendants concede that the claims of Alex Martushev, a minor, are saved by tolling pursuant to AS 09.40.140.[13]

Relying on *Heck v. Humphrey*[14] and *Harvey v. Waldron*,[15] plaintiffs argue that at least some of their Section 1983 claims did not accrue until they were acquitted of criminal charges. In *Heck v. Humphrey*, the Supreme Court held that a Section 1983 action "that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable, and does not, therefore accrue until and unless the plaintiff can prove that his conviction or sentence has been reversed on direct appeal."[16] In *Harvey v. Waldron*, the Ninth Circuit held that "*Heck* applies to pending criminal charges, and that a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist."[17] The court considers each of plaintiffs' claims to determine whether *Heck* applies.[18]

Counts III and IV

---

[12]*Id.* (internal quotations marks and citation omitted).

[13]Reply at 1, Doc. 22.

[14]512 U.S. 477 (1994).

[15]210 F.3d 1008 (9th Cir. 2000)

[16]*Id.* at 1013 (citing *Heck*, 512 U.S. at 486-87).

[17]*Id.* at 1014.

[18]*Id.* at 1013.

Counts III and IV allege claims of illegal search and seizure of evidence pursuant to 42 U.S.C. § 1983. Count III specifically alleges that defendants "engaged in searches in areas and for items not specifically set forth by search warrant requirements," including "the personal effects of Vavarra Martushev."[19] Count IV alleges that defendants seized plaintiffs and their property in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Alaska Constitution. Count IV further alleges that defendants seized personal items not identified in the search warrant, including photographs, disposable cameras, and other personal memorabilia.

In *Harvey*, the Ninth Circuit held "that a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned."[20] The Ninth Circuit reasoned that this approach avoided the "potential for inconsistent determinations on the legality of a search and seizure in the civil and criminal cases," thereby fulfilling *Heck's* objectives of "'preserving consistency and finality, and preventing 'a collateral attack on [a] conviction through the vehicle of a civil suit.'"[21]

Plaintiffs argue that their Section 1983 claims of illegal search and seizure did not accrue while the criminal charges based upon the search and seizure at issue were pending. Defendants Van Liere and Mountain acknowledge that they seized photographs and a camera that were not identified in the search warrant, but argue that *Heck* does not apply to plaintiffs' illegal search and seizure claims because the illegally seized photographs and camera were not the basis of the criminal charges against plaintiffs. Defendants have not, however, made a showing that the criminal charges against plaintiffs were not based on any evidence seized during November 2001 search. Furthermore, it is unclear from the face of the pleadings upon what evidence the criminal charges against plaintiffs were based.

---

[19] First Amended Complaint at 7-8.

[20] *Harvey*, 210 F.3d at 1015.

[21] *Id.* (quoting *Heck*, 512 U.S. at 484-85).

It is uncontroverted that defendants obtained a search warrant to search plaintiffs' residence for evidence of any illegally taken moose and all moose parts, that defendants executed the search warrant, and that defendants returned a lengthy receipt and inventory of property seized, which included moose meat and moose antlers.  It would thus appear that a determination on the legality of the search and seizure would go to the heart of the criminal charges pending against plaintiffs.

Defendants are not entitled to judgment on the pleadings dismissing counts III and IV as time-barred because they have failed to clearly establish on the face of the pleadings that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law.

Count V

Count V alleges that defendants' conduct in executing the search and seizure in November 2001 was extreme and outrageous and that defendants' conduct resulted in serious emotional distress to plaintiffs.  Because Count V alleges a state law claim for the intentional infliction of emotional distress based on the manner in which defendants acted, rather than an attack on the lawfulness of the search itself that would implicate the validity of any conviction for a game violation, *Heck* does not apply.

Under Alaska law, the statute of limitations usually begins to run on the date on which the plaintiff incurs an injury.[22]  However, where an element of a cause of action is not immediately apparent, the discovery rule applies and "the statue of limitations does not begin to run until the claimant discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action."[23]  The date on which the statute of limitations begins to run is generally a factual question.[24]  Consequently, only where "'there exist uncontroverted facts that determine when a reasonable person

---

[22] *John's Heating Service v. Lamb*, 46 P.3d 1024, 1031 (Alaska 2002).

[23] *John's Heating,* 46 P.3d at 1031.

[24] *Id.*

should have been on inquiry notice' can a court properly resolve the question as a matter of law."[25]

Here, the uncontroverted facts show that plaintiffs should reasonably have known of the facts supporting their intentional infliction of emotional distress claims at the time of the 2001 search and seizure. Because plaintiffs did not file their complaint until approximately three and one-half years after the date of the search and seizure at issue, plaintiffs' claims in count V are barred by the two-year statute of limitations.

Count VII

Count VII alleges that Vavarra Martushev, who was not named in any of the criminal charges, was wrongfully subjected to an unreasonable search that violated her right to privacy and caused her to suffer severe emotional distress and humiliation. Because Vavarra Martushev was not a party to the criminal proceedings, *Heck* does not apply to Ms. Martushev's unreasonable search claim. The uncontroverted facts show that Vavarra Martushev knew or had reason to know of the facts supporting her unreasonable search claims at the time of the search in November 2001. Because plaintiffs did not file their complaint until May 2005, Ms. Martushev's claims in count VII are barred by the two-year statute of limitations.

Count VIII

Count VIII alleges that defendants acted in a discriminatory manner towards plaintiffs on the basis of their race and religion "when they invaded the special water of the parties and mistreated their ethnic and religious beliefs."[26] Because plaintiffs' claims in count VIII would not implicate the validity of any conviction for game violations, *Heck* does not apply. Because plaintiffs knew or had reason to know of the facts supporting their discrimination claims at the time of defendants' search of their residence in November 2001, and plaintiffs did not file their complaint until May 2005, plaintiffs' discrimination claims in count VIII are barred by the two-year statute of limitations.

---

[25]*Id.* (quoting *Palmer v. Borg-Warner Corp.*, 818 P.2d 632, 634 (Alaska 1990)).

[26]First Amended Complaint at 12.

Count VI

At docket 12, defendants Van Liere and Mountain move for judgment on the pleadings dismissing count VI under Rule 12(c) on the grounds that count VI fails to state a claim for relief. Count VI alleges that defendants "restrained plaintiffs by way of process and thereby deprived them of their personal liberty and freedom of movement for a period of over three years," and that defendants falsely imprisoned plaintiffs.[27] Although count VI does not refer to a particular state statute or specify a constitutional violation, plaintiffs suggest that count VI alleges both federal and state false imprisonment claims. Defendants argue that "merely alleging that plaintiffs were 'restrained by process' during an ongoing criminal prosecution, without more, does not state a claim upon which relief can be granted under federal or state law."[28]

Count VI essentially alleges that plaintiffs were wrongfully restrained by way of process for three years while their criminal case was pending. Defendants seek dismissal of count VI on the grounds that plaintiffs' pretrial release conditions did not rise to the level of an actionable restraint on their liberty interests. Plaintiffs concede that typical pretrial release conditions do not support a claim for federal false imprisonment. Plaintiffs argue, however, that the fact that plaintiffs were not allowed to discuss the case with their co-defendants, i.e., with each other, qualifies as an actionable restraint on liberty in this case because plaintiffs "live in an extremely rural area" and "come from a culture which prizes and highly values family relations."[29] Plaintiffs provide no federal or state authority supporting the proposition that the above condition is actionable as restraint by process. For the reasons stated above and because no material issue of fact remains to be resolved, defendants are entitled to judgment on the pleadings dismissing plaintiffs' federal false imprisonment claims.

Plaintiffs also contend that count VI alleges a state law claim for false imprisonment. Under Alaska law, a party is subject to liability for false imprisonment if

---

[27]First Amended Complaint at 10, exh. B, doc. 1.

[28]Reply at 3, doc. 23.

[29]Opposition at 7, doc. 19.

"(a) he acts intending to confine the other or a third person within boundaries fixed by the actor and (b) his act directly or indirectly results in such a confinement of the other, and (c) the other is conscious of the confinement or is harmed by it."[30] Plaintiffs' complaint alleges that defendants "restrained the Plaintiffs by way of process and thereby deprived them of their personal liberty and freedom of movement for a period of over three years."[31] Plaintiffs' complaint does not allege that defendants acted with the intention of confining plaintiffs within boundaries fixed by defendants. Nor do plaintiffs cite any authority for the proposition that restraint by way of pre-trial conditions can support a claim for false imprisonment under Alaska law. Accepting as true all allegations in plaintiffs' complaint, plaintiffs fail to assert a claim for false imprisonment under Alaska law. Defendants are entitled to judgment on the pleadings dismissing any state law claims for false imprisonment alleged in count VI.

## V. CONCLUSION

For the reasons set out above, defendants' motion for partial judgment on the pleadings at docket 11 **GRANTED IN PART AND DENIED IN PART** as follows:

    a.    Defendants' motion at docket 11 is **DENIED** as to all of the plaintiffs' claims in counts III and IV, and as to plaintiff Alex Martushev's claims in counts V and VIII;

    b.    Defendants' motion at docket 11 is **GRANTED** as to plaintiff Vavarra Martushev's claims in count VII, and as to plaintiffs Frank, Zahary, and Vavarra Martushev's claims in count V and VIII of plaintiffs' complaint;

    c.    Count VII of plaintiffs' complaint is **DISMISSED IN ITS ENTIRETY**; and,

    d.    Plaintiffs Frank, Zahary and Vavarra Martushev's claims in count V and VIII are **DISMISSED**.

---

[30] *Helstrom v. North Slope Borough*, 797 P.2d 1192, 1199 (Alaska 1990).

[31] First Amended Complaint at 10, exh. B, doc. 1.

It is **FURTHER ORDERED** that defendants' motion for partial judgment on the pleadings at docket 12 is **GRANTED**, and that count VI of plaintiffs' first amended complaint is **DISMISSED IN ITS ENTIRETY**.

DATED at Anchorage, Alaska, this 1st day of December 2005.

/s/ John W. Sedwick
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

A05-0139--CV (JWS)    12-2-05

S. GALBRAITH MOORE (AAG-200)
R. BUNDY (DORSEY)
M. OSTERMAN