Hatton G. Greer, Attorney
Osterman Law Office, P.C.
215 Fidalgo Drive, Suite 106
Kenai, Alaska 99611
907-283-5660

**FILED**

DEC 0 9 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FEOKIST (FRANK) MARTUSHEV, Along with ZAHARY MARTUSHEV, ALEX MARTUSHEV, and VAVARA MARTUSHEV,<br><br>Plaintiffs,<br><br>vs.<br><br>TODD VAN LIERE, MARK MARETTE, and TODD MOUNTAIN, in their official and personal capacities,<br><br>Defendants | Case No. A05-139 CV (JWS) |

## OPPOSITION TO MOTION FOR AWARD OF ATTORNEY'S FEES

**I.   Introduction**

Come now the Plaintiffs Feokist (Frank) Martushev, Zahary Martushev, Alex Martushev and Vavara Martushev by and through their attorney Osterman Law Office and hereby oppose the Defendant's Motion for Attorney's Fees.

**II.   Dismissal Not on Substantive Merits**

Defendant Mark Marette in his Motion for Attorney's Fees makes a number of assumptions which are unfounded. First, he assumes that his dismissal from the action was based on the substantive merits of Plaintiffs' claims and his defenses. As stated in Plaintiffs' Motion for Relief, it is believed

Opposition to Motion for Award of Attorney's Fees
Feokist (Frank) Martushev, et al., v. Todd van Liere, et al.
Case No. A05-139 CV (JWS)

Page 1 of 7

32

that Defendant Marette was dismissed solely because of the untimeliness of the Plaintiffs' Opposition. As such, Plaintiffs reiterate that they believe the proper resolution of this is to reinstate their claims against Defendant Marette.

At the very least, the Court should recognize that Mr. Marette's successful Motion for Summary Judgment[1] was not won on its merits, but rather was one on federal procedure. Thus, Defendant Marette would not deserve attorney's fees under the rule cited in his Motion for Attorney's Fees. They state that "Ninth Circuit precedent holds that state rules on fee shifting apply if state law provides the rule of decision in a federal action." **Defendant's Motion** at page 2 and page 3. As stated before, it is believed that state substantive law did not provide the rule of decision; rather it was a rule of federal procedure

More importantly, Defendant's misstated the law in their application. Though **Champion Produce Inc. v. Ruby Robinson Co.**, 342 F.3d 1016 (9th Cir. 2003), does contain a statement that in a suit based on state substantive law, attorney's fees are generally governed by state law, a closer look at the cases reveals that the rule as stated in **Kona Enterprises v. State of Bishop** 229 F. 3d 877, 883 (Ninth Cir., 2000), is more correct. That rule is that "a federal court sitting in diversity applies the law of the forum state regarding award of attorney's fees." **Kona** at 883. See also **In re Bybee**, 945 F. 2d 309,

---

[1] As items outside of pleadings were presented the Motion to Dismiss becomes a Motion for Summary Judgment.

Opposition to Motion for Award of Attorney's Fees  Page 2 of 7
Feokist (Frank) Martushev, et al., v. Todd van Liere, et al.
Case No. A05-139 CV (JWS)

315-316 (Ninth Cir., 1991), which states that state law governs an award of attorney's fees if state law provides the rule of decision. Thus, Defendant has misstated the rule. No attorney's fees should be awarded because this decision was not based upon state substantive law, but rather on federal procedure. Again, this action was not in front of the state court because of diversity.

III.    Plaintiffs Complaint Was Not Vexatious or in Bad Faith

Defendant Marette is also wrong that the dismissal of him from this action shows that Plaintiffs acted in bad faith or vexatiously. As stated in the Affidavit of Mark Osterman which was included in the Response to Motion to Dismiss, Defendant's misapplied the statute of limitations due to their misreading of Count I especially. Count I brought a claim for malicious prosecution, and Defendants misread it as a claim for defamation. Because the cause of action accrues under these two claims differently, the statute of limitations begins running at a different time. Because of this, it is clear that Plaintiffs' claims were not vexatious or in bad faith.

Should Plaintiffs be wrong about the reasons for dismissal, there are still no reasons to depart from the schedule laid out in Civil Rule 82. Pursuant to that rule, Defendant would receive 20% of his actual attorney's fees. Alaska Civil Rule 82(b)(2). Defendant cites many cases that allow enhanced attorney's fees where a party acted in bad faith or vexatiously. Even should the Court find that Plaintiffs acted vexatiously or in bad faith, these cases are in

Opposition to Motion for Award of Attorney's Fees    Page 3 of 7
Feokist (Frank) Martushev, et al., v. Todd van Liere, et al.
Case No. A05-139 CV (JWS)

opposite. For example, in **Keen v. Ruddy**, 784 P. 2d 653, (Alaska, 1989), the plaintiffs in that case had brought an action merely for the purpose of delaying another ongoing action and as an end run around the litigation that case. This is clearly not the case here. **Demoski v. New,** 737 P.2d 780, 788 (Alaska 1987), is also inapposite. In that case, it was clear that Ralph New knew of his claim at the latest on October 9, 1978, because he had delivered a letter. This is not the case here. As stated previously, Plaintiffs' clam for malicious prosecution against Defendant Mark Marette did not accrue until after they were acquitted in the underlying criminal action which Defendant Marette maliciously prosecuted. **Malvo v. JC Penney** 512 P. 2d, 575, 588 (Alaska, 1973), is also a case where the prevailing party did not get full attorney's fees. The court stated that in that case, it is only when there is not a good-faith claim or defense, and all of the fees incurred by the prevailing party were justified that a judge should choose to award the full amount of fees requested.

Defendant Marette's own Motion shows why **Garrison v. Dixon** 19 P.3d 1229 (Alaska 2001), is inapposite. In that case, the individual plaintiffs admitted they were never real parties in interest. **Id., at 1231**. The court found awarded them 50% of actual attorneys fees based on the fact that they filed in bad faith and persevered for 2 and a half years before admitting they were not real parties in interest. **Id., at 1233-34**. This is not the case with the Martushev's, who did not file in bad faith, and have had this litigation going only a short time.

Opposition to Motion for Award of Attorney's Fees    Page 4 of 7
Feokist (Frank) Martushev, et al., v. Todd van Liere, et al.
Case No. A05-139 CV (JWS)

In *Garrison,* full attorney's fees were also awarded against a corporate Plaintiff. However, the court, besides looking at the bad faith litigation mentioned before, also justified this award because the litigation was based on the Unfair Trade Practices Act, which authorizes the judge to make awards of full attorney's fees. ***Id.*, at 1234.**

Defendant also cites ***Cole v. Bartels,*** 4 P.3d 956 (Alaska 2000), as supporting their claim for enhanced fees. A closer look reveals that this case is also inapposite. The Alaska Supreme Court in that case found enhanced attorney's fees appropriate because Defendant had increased the complexity of the case by bringing in third party defendants, and taken inconsistent positions. ***Id.*, at 960-961.**

Lastly, should the Court decide that this case was decided on state substantive rules, rather than federal procedure rules, and that Plaintiffs acted vexatiously or in bad faith, it still has a reason to depart from the attorney's fee award. In this case, Defendant's attorney involvement was largely limited to: (1) reviewing the Complaint; (2) filing an Answer; (3) filing a Motion to Dismiss; and (4) reviewing an Opposition. For this, they charged Mr. Marette with a total of 71.6 billable hours, by four different attorneys. In addition, they claim to have written off another 46 hours of work, for a total of 117 hours of work on this case. The Motion claims that Defendant attempted to minimize the fees, but in reality, 71 hours for reading the Complaint, filing an Answer, filing a Motion to Dismiss and reviewing an Opposition is in itself unreasonable.

Opposition to Motion for Award of Attorney's Fees　　　　　　　　　　Page 5 of 7
Feokist (Frank) Martushev, et al., v. Todd van Liere, et al.
Case No. A05-139 CV (JWS)

Indeed, 46 hours, the amount of hours written off, is probably unreasonable. The addition of 46 more hours of unreasonably billed time only reinforces the unreasonableness of Defendant Marette's billings.

Pursuant to Alaska's Civil Rule 82(b)(3)(C), the Court has the ability to adjust attorney's fees downward based on the unreasonableness of Defendant's billings. It also has the ability to adjust attorney's fees downward based upon the number of attorneys, under 82(b)(3)(D). See also **Sever v. Alaska Pulp Corp.**, 931 P. 2d 354, where a court awarded only 7.5% of actual attorney's fees, based in part on the large number of attorneys.

Finally, pursuant to Federal Civil Rule 54(d), the prevailing party does not "automatically receive attorney's fees" as stated by Defendant Marette. Specifically, the Rule states that "costs other than attorney's fees shall be allowed as of course to the prevailing party *unless the court directs otherwise*". (Emphasis Added). However the Court may in its discretion refuse to award costs. **Champion Produce** at 2.

Therefore, Plaintiffs request that the Court deny Defendant Marette his costs. Plaintiffs' request is particularly apt if, as Plaintiffs suspect, Defendant Marette was dismissed for a violation of procedural rules rather than on a substantive basis. If Mr. Marette merely got lucky, he is fortunate to be out of this case cheaply, and should collect nothing.

In conclusion, Plaintiffs asks that:

(1). Mr. Marette be reinstated in the case pursuant to their Motion for Relief;

Opposition to Motion for Award of Attorney's Fees    Page 6 of 7
Feokist (Frank) Martushev, et al., v. Todd van Liere, et al.
Case No. A05-139 CV (JWS)

(2). Failing that, Plaintiffs asked that the Defendant Marette be denied 75% of attorney's fees based on

    (a). the fact that Plaintiffs' conduct was not vexatious or in bad faith;

    (b). the fact that the decision to dismiss Mr. Marette was not made on state substantive law;

    (c). the fact that Defendant Marette's attorneys spent an unreasonable number of hours arriving at this early litigation stage;

(3). Costs and attorney's fees be denied Defendant Marette based on the Court's ability under Alaska's Civil Rule 82 and Federal Rule 54(d) to use its discretion in an equitable fashion.

Date:  December 6, 2005

Respectfully submitted:

_____
Hatton G. Greer
Alaska Bar No. 0331057
Mark D. Osterman
Alaska Bar No. 0211064
Attorneys for Plaintiffs

Opposition to Motion for Award of Attorney's Fees
Feokist (Frank) Martushev, et al., v. Todd van Liere, et al.
Case No. A05-139 CV (JWS)

Page 7 of 7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FEOKIST(FRANK) MARTUSHEV, Along with ZAHARY MARTUSHEV, ALEX MARTUSHEV and VAVARRA MARTUSHEV,<br>    Plaintiffs,<br><br>vs.<br><br>TODD VAN LIERE, MARK MARETTE, and TODD MOUNTAIN in their Official and personal Capacities,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Alaska Superior Case No.<br>) 3AN-05-8071 CI<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A05-139 CV (JWS) |

**PROOF OF SERVICE**

I certify that on December 7, 2005 I mailed a copy of the OPPOSITION TO MOTION FOR AWARD OF ATTORNEY'S FEES to the office of Stephanie Galbraith Moore, Office of the Attorney General, 1031 W. 4th, Ste. 200, Anchorage, Alaska 99501, and to Michal Stryszak located at 1031 W. 4th Avenue, Suite 600, Anchorage, Alaska 99501.

Respectfully Submitted,

_/s/ Joyce Sullivan_
Joyce Sullivan

SUBSCRIBED and SWORN to before me this ___7___ day of ___Dec___, 2005, in ___Kenai___, Alaska.

_Melanie Osterman_
Melanie Osterman – Notary
My Commission expires - 4-18-05

