Mark D. Osterman, Attorney
Osterman Law Office, P.C.
215 Fidalgo Drive, Suite 106
Kenai, Alaska 99611
907-283-5660

**FILED**

DEC 1 3 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

_____ Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FEOKIST (FRANK) MARTUSHEV,<br>  Along with ZAHARY MARTUSHEV,<br>ALEX MARTUSHEV, and VAVARA<br>MARTUSHEV,<br><br>     Plaintiffs,<br><br>vs.<br><br>TODD VAN LIERE, MARK MARETTE,<br>  and TODD MOUNTAIN,  in their<br>official and personal capacities,<br><br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. A05-139 CV (JWS)<br>)<br>)<br>)<br>) |

### OPPOSITION TO THE MOTION TO DISMISS

Mark Marette did a lot of things to try to cause the Martushev family
legal difficulties.  Mark Marette found the cache of meat that the Martushev
boys had shot and field dressed, and Mr. Marette removed the rib cage and
majority of the meat of the moose from the cache where the boys had stashed
it.  Then Mark Marette got on the telephone and called to have the boys
arrested.  Mr. Marette has had difficulties in the past with Frank Martushev and
over the issues of Frank Martushev's boys.  Martushev boys are disliked
because of the years of trouble between the Russian families in the area and
the cattle farmers such as Mr. Marette.

Opposition to Motion to Support Motion to Dismiss
Feokist (Frank) Martushev, et al., vs. Todd van Liere, et al.
Case No. A05-139 CV (JWS)

Page 1 of 6

35

## I. STANDARD OF REVIEW

Plaintiffs do not disagree with the Standard of Review as set forth in their memorandum. Based upon that standard, the Court must give the benefit of any dispute in favor of the Plaintiffs.

## II FACTS

There are factual disputes. Plaintiffs allege that Marette knew where the kill site was, and when the young Martushev's went to get a boat for taking the meat, Defendant Marette took the meat of the ribs and hid it from the boys. When they returned and did not find the meat, they took what they could and left because they believed a bear had taken the meat. He then placed a call to Alaska Fish and Game seeking anonymity in his report that meat had been left behind and the moose was sub-legal, even though it was never seen.

## III Argument

Defendant Mr. Marette is wrong to believe that Count I of the Complaint deals with defamation. It does not. Count I of the Complaint is for malicious prosecution.

The elements of the tort of malicious prosecution are (1) a prior action commenced by or at the direction of the defendant and pursued to illegal termination in the plaintiff's favor; (2) brought without probable cause; and (3) initiated with malice. ***Lunsford vs. American Guarantee and Liability Co.***, 18 F.3d 653 ( 9th Cir. 1994).

Opposition to Motion to Support Motion to Dismiss                    Page 2 of 6
Feokist (Frank) Martushev, et al., vs. Todd van Liere, et al.
Case No. A05-139 CV (JWS)

Undoubtedly, allegations pled and set forth in Paragraphs 13 through 22 of the Amended Complaint establish that Mark Marette knowingly removed meat from the area, contacted the Alaska State Troopers, falsely advised the State Troopers that meat was missing, and instituted and initiated false and fraudulent allegations of criminal activity.  The statements made were defamatory and vexatious and malicious.[1]

The tort of malicious prosecution is a cause of action that does not arise until the previous case has been properly concluded.  Thus, when the Martushevs were acquitted of the charges, at that point began the claim for malicious prosecution.  A claim of malicious prosecution could not be brought until the action resolved  favorably for the Plaintiffs.  It has long been the ruling of the Alaska courts that a statute of limitations as to tort does not begin to run until the tort is complete.  A tort is ordinarily not complete until there has been invasion of a legally protected interest of the plaintiff. ***Boston vs. Fulton Insurance Co.***, 444 P.2d 536 (Alaska, 1968).

In Count II, Paragraph 23 through 28 of the Amended Complaint, the Plaintiffs allege that Mr. Marette falsely provided information to police in an effort to cause them to arrest the Martushevs and to take property from the Martushevs and to prosecute the Martushevs.  It is alleged that the statements

---

[1] In Defendant Marette's Answer, the allegation of defamation, contained in Paragraph 22, was not responded to by the Defendant in violation of  the rules of civil procedure.

Opposition to Motion to Support Motion to Dismiss                                      Page 3 of 6
Feokist (Frank) Martushev, et al., vs. Todd van Liere, et al.
Case No. A05-139 CV (JWS)

made by Mr. Marette were false, were false when he made them, and that he knew that such false statements would lead to injustice. The allegations also shows Mr. Marette intended to abuse the criminal investigatory process.

## B. Testimonial Privilege

The Defendant Mr. Marette asks the Court to find that his conduct in testifying in trial was absolutely privileged. Nevertheless, his testimony at trial was false and therefore, one who makes false statements should not rely upon his status as a witness as a methodology of relieving himself of liability. While he may be immune for his testimony, he is not immune for his false statements to police.

Abuse of process and malicious prosecution often seem to be similar in their application. As *Jenkins vs. Daniels*, 751 P.2d 19 (Alaska, 1988) establishes, the essence of the tort of abuse of process is "misusing or misapplying process justified in itself for an end other than that which it was designed to accomplish." W. Keeton, D. Dobbs, R. Keeton and D. Owen, **Prosser and Keaton on the Law of Torts**, §121 at pg. 897 (5th Edition, 1984).

In *Gowin vs. Altmiller*, 455 F. Supp. 743, 747 (D. Idaho, 1978), the cause of action for an abuse of process was said to accrue from the termination of acts which constitute the abuse complained of.

Under Alaska law, Mr. Marette was the complainant. It is the title ascribed to him for his actions and conduct. Mr. Marette intended that his

Opposition to Motion to Support Motion to Dismiss
Feokist (Frank) Martushev, et al., vs. Todd van Liere, et al.
Case No. A05-139 CV (JWS)

Page 4 of 6

phone call to the State Troopers would bring anxiety to the Martushev family, including some restriction on their ability to hunt in the areas where Mr. Marette conducted his guiding business.   He had motive, he had the desire and he set about doing it.

The facts supporting this portion of the Complaint and Count I of the Complaint which ties in with the abuse of process demonstrates that Mr. Marette denied performing the conduct raising an issue of material fact.  Since such an issue of material fact exists, there can be no ruling on the facts of the issue.  But certainly, case law suggests and demonstrates that the statue of limitations concerning Count I and II against Mr. Marette were well founded and based upon a closure of the lower court case in the City of Homer at the District Court.

Defendant Marette argues that his conduct in Count V occurred before the lawsuit was filed and therefore, two years having lapsed, intentional infliction of emotional distress could not be sought against Mr. Marette.

Mr. Marette's outrageous conduct was not finished until he had told mistruths about the situation from the witness stand.  Mr. Marette's conduct was not in just hiding the meat and making a false allegation, it was following through such a false allegation with the outrageous intent of causing harm to other people and to see that they were alleged to have engaged in criminal activity.  Mr. Marette's actions were outrageous.

Opposition to Motion to Support Motion to Dismiss
Feokist (Frank) Martushev, et al., vs. Todd van Liere, et al.
Case No. A05-139 CV (JWS)

Page 5 of 6

The plaintiffs agree with Mr. Marette on Count VI. Mr. Marette is not alleged to have been part of false imprisonment. While Marette's conduct is mentioned, the issue is that police officers, knowing the information they had received was wrong and false, and in failing to properly conduct an investigation, knew or should have known that they would cause harm to the liberty interest of the Martushevs.

Therefore, Count VI does not apply as against Mr. Marette.

CONCLUSION:

Mr. Marette's basis for seeking Dismissal are based on the belief that he did nothing wrong, but the allegations of the Complaint (Amended) disagree. Mr. Marette has not established that the allegations of the Amended Complaint are false or are wrong and no evidence has been presented to refute those claims.

Under the circumstances, the Motion to Dismiss should be DENIED.

Date: 11/18/05                          Respectfully submitted:

                                        Mark D. Osterman
                                        Alaska Bar No. 0211064
                                        Attorney for Plaintiffs

Opposition to Motion to Support Motion to Dismiss                Page 6 of 6
Feokist (Frank) Martushev, et al., vs. Todd van Liere, et al.
Case No. A05-139 CV (JWS)