FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 19 PM 2: 49



Robert C. Bundy, ABA #7206021
Michal Stryszak, ABA #0505032
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for MARK MARETTE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

FEOKIST (FRANK) MARTUSHEV,
Along with ZAHARY MARTUSHEV,
ALEX MARTUSHEV and VAVARRA
MARTUSHEV,

    Plaintiffs,

vs.

TODD VAN LIERE, MARK MARETTE,
and TODD MOUNTAIN in their Official
and personal Capacities,

    Defendants.

Case No. A05-139 CV (JWS)

**REPLY TO OPPOSITION TO MOTION FOR AWARD OF ATTORNEY'S FEES**

    The Plaintiffs' claims against Defendant Mark Marette are all based on state law even though being heard in federal court as pendant claims in a removed matter. Therefore, state law on attorney's fees applies. Because the claims were unreasonable and in bad faith, Defendant Marette is entitled to an enhanced attorney's fee award.

# ARGUMENT

## I. State Law on Attorney's Fees Applies, Because Plaintiff's Case Against Mark Marette Was Based Solely on State Law.

Plaintiffs openly concede that when state law provides the rule of decision, state law governs an award of attorney's fees.[1] All of Plaintiffs' claims against Marette were based on state law. Plaintiffs' actions corroborate this: they filed the case in state court and sought to have it remanded back to state court, which efforts failed. Therefore, state law on attorney's fees applies as well.

## II. An Enhanced Fee Award Should Apply, Because Plaintiffs' Claims Were Unreasonable and They Filed the Case in Bad Faith.

Plaintiffs' Count I was unreasonable. Count I was not pled as a malicious prosecution claim; the count only reflects defamation. In fact, Plaintiffs state that paragraph 22 of the amended complaint, which falls within Count I, is an allegation of defamation.[2] Plaintiffs now argue that they really meant the count as one for not only defamation but also malicious prosecution in a misplaced attempt to retain some claim, because the statute of limitations precludes defamation. Malicious prosecution cannot lie against Marette when he merely reported an incident, which was corroborated in most ways by others, and did not initiate any prosecution. The Court dismissed all counts against Marette, including Count I. The facts to support Count I did not exist; it was an unreasonable claim.

---

[1] Opposition to Motion for Award of Attorney's Fees dated December 6, 2005 at 2-3; *see also Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024-25 (9th Cir. 2003); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000); *In re Bybee*, 945 F.2d 309, 315-16 (9th Cir. 1991).
[2] Opposition to the Motion To Dismiss dated November 15, 2005 at 3 n.1.

Reply to Opposition to Motion for Award of Attorney's Fees
Page 2

Martushev v. Van Liere, et al
A05-139 CI (JWS)

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

The Plaintiffs' attempts to distinguish the cases cited by Defendants for enhancing the fee award are unsound and do not warrant response.

Citing *Server v. Alaska Pulp Corp.*,[3] the only case cited in the Opposition not already cited in Defendant's Motion, Plaintiffs argue that an enhanced fee award should not apply, because allegedly four attorneys worked on Defendant Marette's case. Plaintiffs' argument is both factually wrong and legally unsound. Only two attorneys spent significant time on Marette's case. The third lawyer spent .2 hours on this case. The fourth person listed on the bill is a paralegal and not an attorney. One partner supervised one associate; this is a standard method, and Defendant's counsel took this approach to minimize the client's expense. Plaintiffs' argument is also legally unsound, because in *Server*, the Court upheld the lowered fee award for two other reasons in addition to the "very large number of attorneys defending" the case, neither of which is relevant here.[4]

The hours spent on the case by Defendant's counsel were reasonable, because the analysis and preparation of the motion to dismiss required counsel to decipher an amended complaint that alleged eight causes of action against three defendants, without clearly specifying what all of the causes were or against whom they were directed. Staffing the case with an associate (and carefully not charging much of the time) is sound lawyering and should be accepted.

---

[3] 931 P.2d 354 (Alaska 1996).
[4] *Id.* at 363. The other reasons were that the former employer, the prevailing party, had treated the former employee unfairly in the past, and that a large fee award might have deterred future employer/employee litigation. *Id.*

Reply to Opposition to Motion for Award of Attorney's Fees
Page 3

Martushev v. Van Liere, et al
A05-139 CI (JWS)

Marette does not seek to recover the costs he has incurred in defending this vexatious lawsuit; Marette only seeks an enhanced fee award for all the reasons asserted in the motion and this reply.

DATED this 19th day of December, 2005, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: /s/ Michal Stryszak
Robert C. Bundy, ABA #7206021
Michal Stryszak, ABA #0505032

CERTIFICATE OF SERVICE

This certifies that on December 19th, 2005 the following individuals were served via mail.

Mark D. Osterman
215 Fidalgo Drive, Suite 106
Kenai, Alaska 99611
**Attorney for Martushevs**

Stephanie Galbraith Moore
Assistant Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
**Attorney for Defendants Todd Van Liere and Todd Mountain**

/s/ Michelle Hanlon-Dehner
Michelle Hanlon-Dehner

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Reply to Opposition to Motion for Award of Attorney's Fees
Page 4
4828-0467-9680\2\479241\00001

Martushev v. Van Liere, et al
A05-139 CI (JWS)