FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 27 PM 4: 19

Michael R. Mills, ABA #8911074
Michal Stryszak, ABA #0505032
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for MARK MARETTE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FEOKIST (FRANK) MARTUSHEV, Along with ZAHARY MARTUSHEV, ALEX MARTUSHEV and VAVARRA MARTUSHEV, <br><br> Plaintiffs, <br><br> vs. <br><br> TODD VAN LIERE, MARK MARETTE, and TODD MOUNTAIN in their Official and personal Capacities, <br><br> Defendants. | Case No. A05-139 CV (JWS) |

## OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)

The Plaintiffs attempt to attack this Court's order, but they do not articulate why the Court should grant them relief. The Plaintiffs fail to state why Rule 60(b) should apply in this case, and they fail to state which of the six possible reasons for relief listed in Rule 60(b) is relevant. No reason for granting relief under Rule 60(b) exists. Consequently, the Plaintiffs' Motion should be denied and Defendant Marette should, rightfully, remain dismissed from this case, which is truly one against the state.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

38

I. <u>**No Reason Exists To Apply Rule 60(b) in This Case.**</u>

Plaintiffs fail to articulate why Federal Rule of Civil Procedure 60(b) should apply here. Under Rule 60(b) a court may relieve a party "from a final judgment, order, or proceeding" for six possible reasons.[1] Plaintiffs do not state which, if any, of the six possible reasons for relief listed in Rule 60(b) applies in this case. Plaintiffs do not like the Court's order dated November 16, 2005 granting the Motion To Dismiss and, having earlier filed an opposition to that motion (which the Court has accepted even though filed late), they now attempt to attack the order indirectly with the Rule 60(b) motion. Yet a Rule 60(b)(6) motion should not be used as a substitute for properly litigating a case.[2] Plaintiffs' invocation of Rule 60(b) is misguided.

Assuming that Plaintiffs rely on Rule 60(b)(1), excusable neglect for filing a late opposition to the Motion To Dismiss, Plaintiffs' argument is unsound. WRIGHT & MILLER state: "[R]elief will not be granted under Rule 60(b)(1) merely because a party is unhappy with the judgment. Instead the party must make some showing of why he was justified in

---

[1] Plaintiffs may have even not been entitled to bring a motion under Rule 60(b). *See Lee v. Walters*, No. CIV. 95-274-ST, 1999 WL 694015, at *1 (D. Or. Aug. 18, 1999) ("Plaintiffs seek relief only from an interlocutory order granting defendants' summary judgment motion. Therefore, FRCP 60(b) is inapplicable . . . .") (Attached as Exhibit 1). To the extent that the Court's November 16, 2005 order is a "non-appealable interlocutory order" and not a "final judgment, order, or proceeding," Plaintiffs should have brought a motion for reconsideration "not later than five day after entry of the order." Local Rule 59.1 of the United States District Court for the District of Alaska. Plaintiffs have failed to do this. On the other hand, the dismissal order will become final at some point, and a motion for Rule 60(b) will eventually be timely. It is best for the Court to deal with the issues now, and Defendant respectfully asks the Court to do so.

[2] *Allen v. Bussell*, 558 P.2d 496, 502 (Alaska 1976).

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Opposition to Motion for Relief from Judgment    Martushev v. Van Liere, et al
Pursuant to Rule 60(b)
Page 2    A05-139 CI (JWS)

failing to avoid mistake or inadvertence. Gross carelessness is not enough."[3] Plaintiffs assume that the Court did not consider their opposition to the Motion to Dismiss, but the Court's ruling on Defendant's Motion to Dismiss was rendered the day after Plaintiffs' late-filed Opposition was submitted. This Court, presumably to make the record clear, has granted the Plaintiffs' Motion to Accept Late-Filed Response to Motion to Dismiss.[4] Consequently, no reason exists to apply Rule 60(b) under these circumstances.

II. **The Martushevs Did Not Allege Malicious Prosecution in Their Complaint, and Marette Neither Procured the Proceedings Nor Were They Brought With Malice or Without Probable Cause – Malicious Prosecution Cannot Lie Against Marette in any Event.**

Plaintiffs seek to litigate this case's merits in their Rule 60(b) motion by claiming that they alleged malicious prosecution in Count I. A Rule 60(b) motion is no substitute for properly litigating a case. Defendant Marette addresses in summary this misplaced argument in this Opposition.

Plaintiffs did not clearly plead Count I as a malicious prosecution claim; the count reflects defamation. Plaintiffs have stated that paragraph 22 of the amended complaint, which falls within Count I, is an allegation of defamation.[5]

Plaintiffs have failed to plead a cause of action based on malicious prosecution. Malicious prosecution will lie when an action "commenced by or at the direction of the

---

[3] 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2858 at 276 (2d ed. 1995).

[4] Order of the Court dated December 12, 2005.

[5] Opposition to the Motion To Dismiss dated November 15, 2005 at 3 n.1.

Opposition to Motion for Relief from Judgment   Martushev v. Van Liere, et al
Pursuant to Rule 60(b)
Page 3                                          A05-139 CI (JWS)

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

malicious prosecution defendant"[6] is brought with malice, lacking probable cause, and terminates in favor of the malicious prosecution plaintiff.[7] Marette cannot be liable for malicious prosecution for several reasons. First and foremost, Marette did not procure the proceedings, because

> giving the information or even making an accusation of criminal misconduct does not constitute a procurement of the proceedings initiated by the officer if it is left entirely to his discretion to initiate the proceedings or not. . . . The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.[8]

Marette merely reported the incident; the trooper retained all discretion whether to charge the Martushevs. For this reason alone, malicious prosecution cannot lie against Marette.

Second, there was no malice. "To subject a person to liability for malicious prosecution, the proceedings must have been initiated primarily for a purpose other than

---

[6] *McCubbrey v. Veninga*, 39 F.3d 1054, 1055 (9th Cir. 1994).

[7] *Jenkins v. Daniels*, 751 P.2d 19, 20 n.3 (Alaska 1988) ("The critical elements of malicious prosecution are (1) malice, (2) want of probable cause, and (3) termination of proceeding in favor of the plaintiff."); *see also McCubbrey*, 39 F.3d at 1055; *Lunsford. v. Am. Guar. & Liab. Ins. Co.*, 18 F.3d 653, 655 (9th Cir. 1994); *Hazen v. Municipality of Anchorage*, 718 P.2d 456, 461 (Alaska 1986).

[8] RESTATEMENT (SECOND) OF TORTS § 653 cmt. g (1993); *see also* RESTATEMENT (SECOND) OF TORTS § 653 cmt. d (1993) ("The giving of the information or the making of the accusation, however, does not constitute procurement of the proceedings that the third person initiates if it is left to the uncontrolled choice of the third person to bring the proceedings or not as he may see fit.").

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Opposition to Motion for Relief from Judgment    Martushev v. Van Liere, et al
Pursuant to Rule 60(b)
Page 4    A05-139 CI (JWS)

that of bringing an offender to justice."[9] Marette's purpose was to report a suspicious incident to the troopers, so that they could investigate and bring any offenders to justice. Finally, Marette had probable cause to report the incident. The fact that other witnesses independently reported the incident to the troopers, corroborating Marette's statements, serves to demonstrate that Marette's report to the troopers was not for a purpose "other than to bring an offender to justice." Consequently, Plaintiffs can have no cause of action for malicious prosecution.

This Court should not remand this case to the Superior Court. This Court had the jurisdiction to hear this removed case, and it could decide the claims against Defendant Marette as ancillary to the claims against the trooper defendants.[10] It did so and issued an order dismissing all claims against Defendant Marette.

Plaintiffs ask that all Counts, including VI, against Marette be reinstated.[11] The Court already dismissed all counts against Marette, including Count VI, in its Order dated November 16, 2005, and in the Opposition to the Motion To Dismiss even Plaintiffs admit that Count VI does not apply to Marette.[12]

---

[9] RESTATEMENT (SECOND) OF TORTS § 668 (1993).

[10] 28 U.S.C. 1441(c).

[11] See Order submitted by Marette.
[12] Opposition to the Motion To Dismiss dated November 15, 2005 at 6.

Opposition to Motion for Relief from Judgment Pursuant to Rule 60(b)
Page 5

Martushev v. Van Liere, et al
A05-139 CI (JWS)

Plaintiffs have given no valid reasons why the Counts should be reinstated. For the foregoing reasons, Plaintiffs' motion should be denied and this misplaced matter concluded as to Defendant Marette.

DATED this 27th day of December, 2005, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: _____
Michael R. Mills, ABA #8911074
Michal Stryszak, ABA #0505032

### CERTIFICATE OF SERVICE

This certifies that on December 27, 2005 the following individuals were served via U.S. Mail:

Mark D. Osterman
215 Fidalgo Drive, Suite 106
Kenai, Alaska 99611
**Attorney for Martushevs**

Stephanie Galbraith Moore
Assistant Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
**Attorney for Defendants Todd Van Liere and Todd Mountain**

_____
CERTIFICATION SIGNATURE

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Opposition to Motion for Relief from Judgment
Pursuant to Rule 60(b)
Page 6
4841-8041-1392\4\479241\00001

Martushev v. Van Liere, et al
A05-139 CI (JWS)