RECEIVED
JAN 0 4 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

Hatton G. Greer, Attorney
Osterman Law Office, P.C.
215 Fidalgo Drive, Suite 106
Kenai, Alaska 99611
907-283-5660

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FEOKIST (FRANK) MARTUSHEV, Along with ZAHARY MARTUSHEV, ALEX MARTUSHEV, and VAVARA MARTUSHEV, <br><br> Plaintiffs, <br><br> vs. <br><br> TODD VAN LIERE, MARK MARETTE, and TODD MOUNTAIN, in their official and personal capacities, <br><br> Defendants | Case No. A05-139 CV (JWS) |

## REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)

Come now the Plaintiffs by and through their attorney Osterman Law Office and hereby Reply to Defendant Mark Marette's Opposition.

**I.    Relief is proper Under Rule 60 (b)(1)**

Defendant's argue that Rule 60 (b) (1) does not apply because "gross carelessness" is not enough to justify relief from judgment. Citing to **Wright and**

***Miller, Federal Practice and Procedure §2858***. Defendants fail to cite to another sentence of that same section where the state that "courts have held that the party should not be deprived of the opportunity to present eh merits of the claim because of a technical error or slight mistake by the party's attorney." ***Wright Miller and Kane, Federal Practice and Procedure §2858 at 273 (2nd Ed. 1995).*** However, Mr. Marrette makes no analysis of why Plaintiff's counsel's actions were "gross carelessness." Defendant failed to quote another section of that same As the court has accepted Plaintiff's late filed brief, it is believed that the court is now considering this issue on the merits. That is all Plaintiff has ever sought.

As regards Rule 60 (b)(6), the state quotes a case to note that a Motion for Relief from Judgment is not a substitute for properly litigating a case. Once again, the court has seen fit to accept Plaintiff's late-filed brief and address the issue of Defendant's underlying Motion to Dismiss on its merits.

## II.   Count I is <u>still</u> not a Defamation Count.

Pursuant to Rule 8 of the Alaska Rules of Civil Procedure a claimant is required to include a "short and plain statement of the claim." He is not required to spell out the legal theory for the Defendant's attorney. A short plain statement of the claim was filed. It included Paragraph 22 of Count I.[1] Defendant claims

---

[1] That paragraph stated "As a direct result of Defendant's malice in making he allegations that initiated he criminal investigation, the Plaintiffs have suffered damages, including, but not limited to, harm to their professional reputation, their personal reputation in the community, character defamation, mental anguish, being subjected to police interrogation, personal searches of their home and personal property and papers,

that it has been admitted that this Count is a claim for defamation, and he cites to a footnote in Plaintiff's Opposition to the Motion to Dismiss. He is incorrect. The footnote he cites reads in its entirety "In Defendant Marette's Answer, the allegation of defamation, contained *in* Paragraph 22, was not responded to by the Defendant in violation of the Rules of Civil Procedure." Opposition to the Motion to Dismiss dated November 15, 2005 at 3 n.1 (Emphasis added).

Plaintiff's included an allegation of defamation because the false statements which are at the heart of defamation bolstered their claim for malicious prosecution.[2] This also illustrates why Defendant Marette's argument that a cause of action for Malicious Prosecution does not lie is badly mistaken. The Restatement (Second) of Torts states that

> If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information.

Restatement (Second) of Torts § 653 cmt. g. Thus the false statements by Marette that form create an allegation of defamation, are important not because a claim lies for defamation[3] per se, but rather that the false statements (and any other fraudulent actions) are necessary for a claim of malicious prosecution.

Any doubt that Plaintiff's were alleging false statements by Marette should be put to rest by paragraph 15 where Plaintiff's actually state that "Defendant

---

as well as interrogation, trial, and other forms of personal prosecution brought on by the Defendants' actions." Paragraph 22 of the Amended Complaint. All further citations are to the Amended Complaint.
[2] Defined in part as "The offense of injuring a person's reputation, fame, or character by *false and malicious* statements." Black's Law Dionary Fourth Revised. (Emphasis added).
[3] Plaintiff admits that the statute of limitations on that cause of action may have expired.

Marette knew that the boys (Alex and Zahary) had cleaned and gutted a moose which was not sub-legal."[4]

Date:  January 3, 2006

Respectfully submitted:

_____
Hatton G. Greer
Alaska Bar No. 0331105?
Mark D. Osterman
Alaska Bar No. 0211064
Attorneys for Plaintiffs

---

[4] Plaintiff's also claimed other fraudulent actions. See Paragraph 16 where Plaintiff's alleged that Defendant Marette took certain meat from the moose and hid it from the Martushev boys.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FEOKIST(FRANK) MARTUSHEV, Along with ZAHARY MARTUSHEV, ALEX MARTUSHEV and VAVARRA MARTUSHEV,<br>    Plaintiffs,<br><br>vs.<br><br>TODD VAN LIERE, MARK MARETTE, and TODD MOUNTAIN in their Official and personal Capacities,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. A05 -139- CV (JWS) |

## PROOF OF SERVICE

I certify that on January 3, 2006 I mailed by first class mail a copy of the REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b) and Proof Of Service to the office of Stephanie Galbraith Moore, Office of the Attorney General, 1031 W. 4th, Ste. 200, Anchorage, Alaska 99501 and Michal Stryszak at 1031 W. 4th Avenue, Suite 600, Anchorage, Alaska 99501.

Respectfully Submitted,

_Joyce Sullivan_
Joyce Sullivan

SUBSCRIBED and SWORN to before me this _____, 2005, in \_\_Kenai\_\_, Alaska.

Mark Osterman – Notary
My Commission expires - 3-13-09