UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| FEOKIST (FRANK) MARTUSHEV, ZAHARY MARTUSHEV, ALEX MARTUSHEV, and VAVARRA MARTUSHEV, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | A05-139 CV (JWS) |
| vs. | ) ) ) | ORDER FROM CHAMBERS |
| TODD VAN LIERE, MARK MARETTE, and TODD MOUNTAIN, in their official and personal capacities, | ) ) ) ) ) ) | [Re: Motions at Docket Nos. 25, 30, and 33] |
| Defendants. | ) ) | |

## I. MOTIONS PRESENTED

At docket 25, defendant Mark Marette moves to dismiss all claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). At docket 35, plaintiffs oppose the motion to dismiss. At docket 30, defendant Marette moves for entry of final judgment dismissing all claims against him with prejudice pursuant to Federal Rule of Civil Procedure 54(b). Plaintiffs did not file a response to defendant's motion for entry of final judgment. At docket 33, plaintiffs move for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). At docket 38, defendant Marette opposes the motion for relief from judgment. No party requested oral argument, and it would not assist the court.

## II. BACKGROUND

This action arises out of the investigation and prosecution of Feokist, Zahary, and Alex Martushev for alleged violations of state game laws. After the above members of the Martushev family were acquitted on the charges, plaintiffs Feokist, Vavarra, Zahary, and Alex Martushev brought this civil action against defendant Mark Marette, the party who reported the alleged hunting violations, and defendants Todd Van Liere and Todd Mountain, the Alaska State Troopers who investigated and initiated the prosecution of the alleged violations. Plaintiffs' complaint alleges eight counts, four of which name defendant Marette. Counts I, II, V, and VI allege claims against defendant Marette and pertain to the motions discussed herein.

## III. DISCUSSION

### A. Motion to Dismiss

On October 19, 2005, defendant Mark Marette filed a motion to dismiss the claims alleged against him in counts I, II, V, and VI of plaintiffs' complaint for failure to state claims upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] By order dated November 16, 2005, the court granted defendant Marette's motion to dismiss, based in part on plaintiffs' failure to file a response in opposition to defendant's motion.[2] Plaintiffs subsequently moved the court to accept their untimely response to defendant's motion to dismiss.[3] By order dated December 13, 2005, the court granted plaintiffs' motion to accept their untimely response.[4] The court has carefully reviewed plaintiffs' response in opposition to defendant's motion to dismiss under Rule 12(b)(6), and finds plaintiffs' arguments to be without merit. For the reasons stated below, the court affirms its prior order dismissing plaintiffs' claims against defendant Marette.

---

[1] Doc. 25.

[2] Doc. 27.

[3] Doc. 28.

[4] Doc. 34.

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim. In reviewing a Rule 12(b)(6) motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[5] The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether the conclusory allegations follow from the description of facts as alleged by the plaintiff."[6] A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7]

Count I of plaintiffs' complaint alleges a claim of malicious prosecution against defendant Marette.[8] "A malicious prosecution cause of action seeks to redress the wrongful bringing of an action."[9] "To prevail in an action for malicious prosecution, a party must prove that the initial proceeding (1) terminated in his/her favor, (2) was brought without probable cause, and (3) was initiated with malice."[10] Plaintiffs can prove no set of facts which would entitle them to relief on their malicious prosecution cause of action because defendant Marette did not bring an action against plaintiffs: Marette reported an alleged hunting violation to the Alaska State Troopers.

Count II alleges an abuse of process claim against defendant Marette. "The tort of abuse of process consists of two elements: (1) an ulterior purpose; and (2) a willful

---

[5] *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[6] *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quotation and citation omitted).

[7] *Vignolo*, 120 F.3d at 1077.

[8] Plaintiffs previously suggested that count I alleged a claim for defamation, but have conceded that the allegation that defendant Marette made false statements is part of their claim for malicious prosecution against defendant Marette.

[9] *Kollodge v. State*, 757 P.2d 1024, 1026 (Alaska 1988).

[10] *Id.*

-3-

act in the use of the process not proper in the regular conduct of the proceeding."[11] The second element contemplates an overt act in addition to the act of initiating a lawsuit.[12] "The mere filing...of a lawsuit–even for an improper purpose–is not a proper basis for an abuse of process action."[13] As indicated above, plaintiffs do not allege that Marette initiated a lawsuit against them. Plaintiffs allege that Marette reported their alleged hunting violations for an improper purpose, which does not amount to an abuse of process. Construing all allegations of material fact in the light most favorable to plaintiffs, plaintiffs fail to state an abuse of process claim against defendant Marette.

Count V alleges a claim of intentional infliction of emotional distress. To establish a claim for intentional infliction of emotional distress, plaintiffs must show: "(1) extreme and outrageous conduct, (2) that is intentional or reckless, (3) and causes emotional distress (4) that is severe."[14] Construing plaintiffs' allegations in the light most favorable to plaintiffs, plaintiffs have failed to state a claim for intentional infliction of emotional distress against defendant Marette. Defendant Marette's alleged act of reporting to the state troopers that Frank Martushev possessed a sub-legal bull moose and that it was taken by Martushev's sons does not amount to extreme and outrageous conduct.

Plaintiffs concede that count VI, which alleges a cause of action for false imprisonment, does not apply to defendant Marette. Regardless, the court dismissed count VI of plaintiffs' complaint in its entirety by order dated December 2, 2005.[15]

For the reasons stated above, the court affirms its order at docket 27 granting defendant Marette's motion to dismiss all of plaintiffs' claims against defendant Marette with prejudice.

---

[11] *Meindinger v. Koniag, Inc.*, 31 P.3d 77, 86 (Alaska 2001).

[12] *Id.*

[13] *Id.* (internal quotation and citation omitted)

[14] *Fyffe v. Wright*, 93 P.3d 444, 455 (Alaska 2004).

[15] Doc. 31.

-4-

### B. Motion for Relief from Judgment

At docket 33, plaintiffs move the court for relief from the court's November 16, 2005, order granting defendant Marette's motion to dismiss on the grounds that "under Rule 60(b), Plaintiffs' Reply was late for an excusable reason."[16] Plaintiffs characterize their motion as a motion for relief from judgment pursuant to Rule 60(b). However, Rule 60(b) affords relief only from a "final judgment, order, or proceeding." The court's order at docket 27 is interlocutory. Moreover, as indicated above, the court granted plaintiffs' motion to accept their untimely response to defendant's motion to dismiss, reviewed plaintiffs' opposition in its entirety, and found plaintiffs' arguments in opposition to be without merit. Plaintiffs' motion at docket 33 is denied.

### C. Motion for Entry of Final Judgment

Defendant Marette now moves the court for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) provides in part that "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the...parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Because all of plaintiffs' claims against defendant Marette have been fully adjudicated and are dismissed with prejudice, and plaintiffs' remaining claims apply only to defendants Van Liere and Mountain, the court finds there is no just reason for delay of entry of final judgment as to defendant Marette. Having determined that there is no just reason for delay, the court grants defendant Marette's motion for entry of final judgment and directs that judgment be entered dismissing all of plaintiffs' claims against defendant Marette with prejudice.

### IV. CONCLUSION

For the reasons set out above, the court's order at docket 27 granting defendant Marette's motion to dismiss at docket 25 reached the correct result, and the motion at docket 25 is again **GRANTED**; plaintiffs' motion at docket 33 for relief from judgment is **DENIED**; and, defendant Marette's motion at docket 30 for entry of final judgment is

---

[16] Memo in Support of Motion for Relief at 3, doc. 33.

**GRANTED**. The Clerk of the Court is directed to enter final judgment dismissing with prejudice all of plaintiffs' claims against defendant Marette in their entirety.

DATED at Anchorage, Alaska, this 11th day of January 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE